69 F.3d 544
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leroy GRIFFIN, aka Lee Griffin, Plaintiff-Appellant,
v.
LOCKHEED AEROMOD CENTER, INC., Defendant-Appellee.
 No. 94-15836.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 19, 1995.*
Decided Nov. 2, 1995.
 
 Before: SNEED, PREGERSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Leroy Griffin appeals the district court's grant of summary judgment in favor of Defendant Lockheed Aeromod Center, Inc. ("Lockheed"). Griffin alleges that Lockheed refused to hire him because of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, et seq. ("Title VII"). We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 BACKGROUND
 
 3
 The district court granted Lockheed's Motion for Summary Judgment and denied Griffin's Cross-Motion for Summary Judgment. The district court found that Griffin, an African-American, had failed to present any facts which supported a prima facie case of discrimination. The district court further held that even if a prima facie case had been established, Griffin had not provided any evidence to show that Lockheed's proffered nondiscriminatory reason was a pretext. Griffin now appeals.
 
 ANALYSIS
 A. Standard of Review
 
 4
 A grant of summary judgment is reviewed de novo. Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). Viewing the evidence in the light most favorable to the party against whom summary judgment was granted, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id. Summary judgment is only proper if no material factual issues exist for trial. Lindahl v. Air France, 930 F.2d 1434, 1436 (9th Cir.1991).
 
 B. Employment Discrimination Claims
 
 5
 Griffin asserts that Lockheed failed to hire him because of his race. He offers as evidence of this discriminatory intent the classification of his application in the engineer category, the missing February 1991 application,[1] and affidavits of African-American ex-Lockheed employees who allege on-the-job racial discrimination.
 
 
 6
 Title VII of the Civil Rights Act makes it illegal for an employer
 
 
 7
 to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race....
 
 
 8
 42 U.S.C. Sec. 2000e-2(a)(1). A plaintiff may show a violation of this statute by proving the presence of a hostile work environment, disparate impact, or disparate treatment. Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1109 (9th Cir.1991).
 
 
 9
 Disparate impact claims involve challenging facially neutral policies which have a discriminatory effect. Sischo-Nownejad, 934 F.2d at 1109. The district court found that Griffin had not supplied any statistical information or other admissible evidence to support a claim of discrimination under disparate impact. We agree. Because Griffin asserts that he had face-to-face contact with Kellye McVay, the Lockheed Human Resources Administrator for the Tucson facility, who would thus have knowledge of Griffin's race, we will analyze Griffin's case under disparate treatment.
 
 
 10
 A disparate treatment claim is based on intentional employer discrimination. Sischo-Nownejad, 934 F.2d at 1109. In order to prove disparate treatment, a plaintiff must first assert a prima facie case by introducing evidence that gives rise to an inference of unlawful discrimination. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). To establish a prima facie case of racial discrimination, a plaintiff can show:
 
 
 11
 (i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.
 
 
 12
 McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).[2]
 
 
 13
 After the plaintiff has established a prima facie case, the burden of production shifts to the employer to articulate a legitimate, non-discriminatory reason for the plaintiff's rejection. Burdine, 450 U.S. at 253. Once the defendant has met this burden of production, the burden shifts back to plaintiff to show, by a preponderance of the evidence, that the reasons put forth by the defendant are pretextual for true discriminatory intent. Id.
 
 1. Prima Facie Case
 
 14
 Griffin satisfied the first prong of the McDonnell Douglas test because he is African-American. There also is no question that Griffin applied for a job and was rejected. In fact, he applied for many jobs for which Lockheed was seeking applicants. The real question in this case is whether Griffin satisfies the second prong; whether, when Griffin applied, open positions existed and whether he was qualified for any of these open positions.
 
 
 15
 Taking the evidence as a whole, we find that Griffin satisfied the second prong of the McDonnell Douglas test. His resume is impressive. It reflects work experience in developing procedures, monitoring operations, management, but not in entry level positions. Because Griffin stated that he was "willing to work in basically any position," it is reasonable to infer that Griffin should have qualified for at least one of the 381 positions available at Lockheed.
 
 2. Non-discriminatory Motive
 
 16
 Although Griffin can establish a prima facie case, Lockheed has satisfied its burden of providing a non-discriminatory reason for not hiring Griffin. See Burdine, 450 U.S. at 253. In essence, Lockheed maintains that Griffin's application was treated like any other application and was subjected to Lockheed's screening and classification procedures. At first, Lockheed placed Griffin's application in the engineering file and there was no engineering position available. Because, at first, Griffin did not apply for any specific position, it was reasonable for Lockheed to classify Griffin according to his job experience. According to Lockheed, Griffin's resume reflected primary training and work experience in industrial engineering. Such assessments had to be made given that Lockheed received 5,549 applications. Further, approximately 80% of the resumes or applications received by Lockheed during 1990 and 1991 never progressed beyond this initial screening.
 
 
 17
 It was not until September 1991, that Lockheed became aware of Griffin's interest in procurement, shipping and receiving, and inventory control and thus changed Griffin's entry in the database to reflect Griffin's interest. However, it does not appear that at that time Lockheed had any open positions in Administration or Inventory Control. As to the other positions, Griffin did not meet the job requirements. Griffin's resume did not reflect any experience in Shipping and Receiving. Griffin did not have five years of aircraft experience nor the five years of planning experience that Lockheed requires for the scheduling position. Griffin did not have the two years of experience as a buyer in the aviation industry that was required for procurement.
 
 3. Pretextual Reasons
 
 18
 Because Lockheed provided various legitimate non-discriminatory reasons for not hiring Griffin, under McDonnell Douglas, the burden shifts back to Griffin to show, by a preponderance of the evidence, that the reasons put forth by Lockheed are merely pretextual for true discriminatory intent. McDonnell Douglas, 411 U.S. at 804. To survive the summary judgment motion, Griffin must provide sufficient evidence to create a genuine issue of material fact that Lockheed was motivated by a discriminatory reason or that Lockheed's proffered explanation is unbelievable. See Burdine, 450 U.S. at 256. Griffin has not satisfied his burden.
 
 
 19
 There is no evidence that classifying Griffin in the Engineer category was racially discriminatory given his past work experience in industrial engineering, the number of applications received, and the fact that Lockheed classified 328 other applicants as engineers in 1990 and 1991.
 
 
 20
 Griffin also did not have the necessary qualifications and experience to fill the entry level positions. Furthermore, two of twenty-one applicants who Lockheed hired for shipping and receiving positions were African-Americans.
 
 
 21
 Griffin has offered the affidavits of African-American ex-Lockheed employees in an attempt to create a triable issue of fact or pretext. Griffin argues that these affidavits help shed light on the state of mind of the employer. Although it does appear that Lockheed management has failed to respond to complaints by black employees about racial harassment by other employees, none of these affidavits alleged discrimination in the hiring process.
 
 
 22
 Thus, Griffin has failed to prove that his rejection was based on discrimination. St. Mary's Honor Center v. Hicks, 509 U.S. ----, 113 S.Ct. 2742, 2749, 2753 (1993). As the United States Supreme Court recently stated, it is not enough to disbelieve the employer. St. Mary's Honor Center, 113 S.Ct. at 2749. The plaintiff must show "both that the reason was false, and that discrimination was the real reason." St. Mary's Honor Center, 113 S.Ct. at 2749. Here, plaintiff has not proven that Lockheed's articulated reasons were a pretext to mask a discriminatory motive. Nor is the fact that Lockheed mistakenly classified Griffin sufficient to raise a genuine issue of material fact.
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Since evidence must be viewed in the light most favorable to Griffin, against whom summary judgment was granted, see Perugini v. Safeway Stores, Inc., 935 F.2d 1083, 1085 (9th Cir.1991), we will assume that Lockheed received the February 1991 application
 
 
 [2]
 A plaintiff can also establish a prima facie case of disparate treatment without satisfying the McDonnell Douglas test by presenting actual evidence, direct or circumstantial, of the employer's discriminatory motive. Lowe v. City of Monrovia, 775 F.2d 998, 1009 (9th Cir.1985), amended 784 F.2d 1407 (9th Cir.1986); Warren v. City of Carlsbad, 58 F.3d 439, 442 (9th Cir.1995)